LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TOMAS GABRIEL CALEL and
CARLOS GEOVANY PONCIO ZARATE,
*on behalf of themselves, FLSA Collective Plaintiffs
and the Class,*

                             Plaintiffs,

          -against-

SITE 25 RESTAURANT CONCEPTS, LLC
     d/b/a WEI WEST
and ALAN PHILLIPS

               Defendants.

---

Case No.: 21-cv-08692

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Plaintiffs TOMAS GABRIEL CALEL and CARLOS GEOVANY PONCIO ZARATE (herein, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, SITE 25 RESTAURANT CONCEPTS, LLC d/b/a WEI WEST and ALAN PHILLIPS and states as follows:

## **INTRODUCTION**

1.     Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving, (2) unpaid wages due to an invalid tip credit, (3) illegally

retained gratuities, (4) reimbursement for tools of the trade maintenance, (5) liquidated damages and (6) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid wages due to an invalid tip credit, (2) unpaid wages, including overtime, due to time-shaving, (3) unpaid spread-of-hours premium, (4) illegally retained gratuities, (5) reimbursement for tools of the trade maintenance, (6) statutory penalties, (7) liquidated damages and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff TOMAS GABRIEL CALEL is a resident of Kings County, New York.

6.      Plaintiff CARLOS GEOVANY PONCIO ZARATE is a resident of Queens County, New York.

7.      Corporate Defendant, SITE 25 RESTAURANT CONCEPTS, LLC d/b/a WEI WEST is a domestic limited liability company organized under the laws of the State of New York with an address for service of process of 1991 Broadway, 2nd Floor, New York, NY 10023, and a principal place of business at 235 Murray Street, New York, NY 10282.

8.      Individual Defendant, ALAN PHILLIPS is the principal and owner of Corporate Defendant. *See* **Exhibit A**. ALAN PHILLIPS exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs, and Class Members. ALAN PHILLIPS had

and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs, and Class Members. At all relevant times, employees could complain to ALAN PHILLIPS regarding any of the terms of their employment, and ALAN PHILLIPS would have the authority to effect any changes to the quality and terms of their employment. ALAN PHILLIPS ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. ALAN PHILLIPS had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class Members and could reprimand employees.

9.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

10.   At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.   Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, (including but not limited to delivery persons, waiters, servers, hosts, bartenders, barbacks, porters, runners, busboys, food preparers, cooks, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.   At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

3

them their proper wages for all hours worked, including overtime hours after forty (40). The claims of Plaintiffs stated herein are essentially the same as those of other FLSA Collective Plaintiffs. A tipped subclass of FLSA Collective Plaintiffs have claims for unpaid wages due to an invalid tip credit, improperly retained gratuities, and reimbursements for tools of the trade maintenance costs.

13.      The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.      Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees (including but not limited to delivery persons, waiters, servers, hosts, bartenders, barbacks, porters, runners, busboys, food preparers, cooks, and dishwashers), employed by Defendants at the Restaurant on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.      All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the title of the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

16.      The proposed Class is so numerous that a joinder of all members is impracticable,

4

and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of amongst others, deliver persons, servers, runners, busboys, bartenders and barbacks ("Tipped Subclass") who also number more than forty (40). Plaintiffs are members of both the Class and the Tipped Subclass.

17.    Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay the proper wages, including overtime, due to time-shaving, (ii) failing to pay spread-of-hours premium, (iii) failing to provide Class members with proper wage statements with every payment of wages, and (iv) failing to properly provide wage notices to Class members, at date of hiring and dates of all wage changes, per requirements of the NYLL.

18.    With regard to Plaintiffs and the Tipped Subclass, Defendants also (i) failed to pay them the proper minimum wage and overtime due to an invalid tip credit, (ii) improperly retained gratuities, and (iii) failed to reimburse Class members for tools of the trade maintenance costs. Plaintiffs and the Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, (iv) implemented an

improper tip pool where managers and supervisors participated, (v) illegally retained gratuities, and (vi) failed to accurately keep track of daily tips earned and maintain records thereof.

19.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)   Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law;

b)   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and the Class members;

c)   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work;

d)   Whether Defendant properly notified Plaintiffs and the Class members of their hourly rates and overtime rates;

e) Whether Defendants properly compensated Plaintiffs and Class members the proper minimum wage under the NYLL;

f) Whether Defendants properly compensated Plaintiffs and Class members the proper overtime compensation under the NYLL;

g) Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

h) Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

i) Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workweek;

j) Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

k) Whether Defendants utilized an improper tip pool that included managers and supervisors;

l) Whether Defendants improperly retained gratuities;

m) Whether Defendants reimbursed Plaintiffs and Class members for their tools of trade maintenance costs;

n) Whether Defendants properly compensated Plaintiffs and Class members the spread-of-hours premium under the NYLL;

o) Whether Defendants provided proper wage notice, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of the NYLL; and

p) Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the NYLL.

**STATEMENT OF FACTS**

24. Plaintiff TOMAS GABRIEL CALEL

   a. In or around November 2016, Plaintiff TOMAS GABRIEL CALEL was hired by Defendants to work as a delivery person for Defendants' Wei West restaurant, located at 235 Murray Street. Plaintiff is still currently employed.

   b. From the start of Plaintiff CALEL's employment to March 2020, Plaintiff worked six (6) days per week. Plaintiff worked Saturdays, Sundays, Mondays and Tuesdays from 4:30 p.m. to 9:30 p.m. and Wednesdays and Fridays from 11:30 a.m. to 9:30 p.m. for approximately forty (40) hours per week.

   c. In March 2020, Defendants Wei West restaurant was shut down due to the COVID-19 Pandemic. In or around June 2020, Defendants re-opened, and due to the lack of employees, Plaintiff was required to work seven (7) days a week, from 12:00 p.m. to 9:00 p.m. for approximately sixty-three (63) hours per week.

   d. Starting in December 2020 to the present, Plaintiff's worked six (6) days per week, Saturdays, Sundays, Mondays, and Tuesdays from 4:30 p.m. to 9:30 p.m. and Wednesdays and Fridays from 11:30 a.m. to 9:30 p.m. for approximately forty (40) hours per week.

e.  Throughout his employment, Plaintiff CALEL was paid at the tip credit minimum wage rate. A tipped subclass of FLSA Collective Plaintiffs and the Tipped Subclass were compensated at similar rates.

f.  Throughout his employment, Plaintiff occasionally worked shifts of ten (10) hours or more. However, Plaintiff was not compensated with his spread of hours premiums on those days.  Class Members were similarly not compensated with their spread of hours premiums when working shifts of more than ten (10) hours.

25.  Plaintiff CARLOS GEOVANY PONCIO ZARATE

a.  On July 1, 2018, Plaintiff ZARATE was hired as a dishwasher for Defendants' Wei West restaurant located at 235 Murray Street. In or around November 2018, Plaintiff changed positions to a delivery person. Plaintiff's employment ended in March 2020.

b.  From the start of his employment to in or around November 2018, Plaintiff worked 11:00 a.m. to 10:30 p.m., Mondays to Fridays, for a total of approximately fifty-seven and a half (57.5) hours per week.

c.  Starting in or around November 2018, when Plaintiff was changed to a delivery person, Plaintiff worked seven days per week, Sundays to Fridays from 4:30 p.m. to 10:30 p.m. and Saturdays from 11:00 a.m. to 10:00 p.m. for a total of approximately forty-seven (47) hours per week.

d.  During his time as a dishwasher, from the start of his employment to in or around November 2018, Plaintiff was paid at a rate of thirteen ($13) dollars per hour. Kitchen workers were compensated at similar rates.

e.  From in or around November 2018 to his termination, after Plaintiff switched to delivery, Plaintiff was paid at the tip credit minimum wage rate of ten ($10) dollars per hour. A tipped subclass of FLSA Collective Plaintiffs and the Tipped Subclass were compensated at similar rates

f.  Throughout his employment, Plaintiff occasionally worked shifts of ten (10) hours or more. However, Plaintiff was not compensated with his spread of hours premiums on those days.  Class Members were similarly not compensated with their spread of hours premiums when working shifts of more than ten (10) hours.

26.     Throughout Plaintiffs' employment, Plaintiffs would not be compensated for all their hours worked due to Defendants' policy of time-shaving. Throughout their employment, Manager Sam [LNU] did the clocking in and out for Plaintiffs, FLSA Collective Plaintiffs and Class Members. Manager Sam [LNU] would clock out all employees for a one (1) hour meal break but would require Plaintiffs to work through their meal breaks. Furthermore, Manager Sam [LNU] would clock out Plaintiffs at the end of their shift but required them to continue making deliveries for approximately thirty (30) minutes after their shift had ended. For example, employees would be clocked out and be sent on deliveries and go home afterwards. FLSA Collective Plaintiffs and Class Members similarly had their hours time-shaved.

27.     Starting after Defendants re-opened from the COVID-19 pandemic, Defendants would time-shave Plaintiffs' hours and reduce them so that they would generally be forty (40) hours or less per week, despite Plaintiffs working upwards of sixty (60) hours per week. FLSA Collective Plaintiffs and Class Members similarly had their hours time-shaved.

28.     Throughout Plaintiffs' employment, the manager, Sam [LNU] would constantly take tips from Plaintiffs and from the tip pool. During the morning shifts at the restaurant, each delivery person would be able to retain their tips for the deliveries they made. However, for the night shifts, due to an increase in orders and number of employees, Defendants utilized a tip pool. However, whenever manager Sam [LNU] noticed that there was a large order incoming or that someone had paid a large tip on a delivery order, he would manually alter the order from "delivery" to "pick-up" so that Plaintiffs and other employees would not be aware of the order. Manager Sam [LNU] would then go deliver the food and take the large tip for himself, preventing it from being part of the tip pool if it was the evening shift, and preventing an employee from earning those tips during the morning shift. The tipped subclass of FLSA Collective Plaintiffs and the Tipped Subclass similarly suffered from manager Sam [LNU]'s actions of improperly retaining gratuities.

29.     Throughout Plaintiffs' employment, Defendants failed to reimburse Plaintiffs for their "tools of the trade" maintenance and repair costs. Plaintiffs regularly spent up to fifty ($50) dollars per month on expenses related to the maintenance and repairs of their electronic bikes and never received any reimbursement from Defendants. The tipped subclass of FLSA Collective Plaintiffs and the Tipped Subclass similarly did not receive reimbursements for tools of the trade maintenance costs.

30.     Plaintiffs, a tipped subclass of FLSA Collective Plaintiffs, and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under NYLL because Defendants (i) failed to properly provide tip credit notice at hiring and with every change in rate of pay thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours

worked each workweek, (iii) implemented an invalid tip pooling scheme in which managers participated in the tip pool, (iv) illegally retained tips, (v) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (vi) failed to accurately keep track of daily tips earned and maintain records thereof.

31.     Plaintiffs, a tipped subclass of FLSA Collective Plaintiffs, and the Tipped Subclass were also required to engage more than 20% of their working time in non-tipped related activities, including purchasing ingredients for the restaurant, washing and preparing vegetables, preparing sauces, organizing delivery containers, unpacking and storing sodas and drinks, and performing favors for the Manager Sam such as picking up packages and medicine. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

32.     Defendants failed to provide Plaintiffs and the Class members with proper wage statements that were in compliance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because they failed to provide proper wage statements due to time-shaving, invalid tip credit, and unpaid spread-of-hours premiums. In other words, Plaintiffs and Class members did not receive proper wage statements, as their statements failed to accurately reflect the number of hours worked and their proper compensation.

33.     Defendants failed to provide Plaintiffs and the Class members with proper wage notices at hiring and at dates of all wage changes thereafter. Plaintiffs did not receive proper wage notices either upon being hired or upon wage changes since the date of hiring in violation of the NYLL.

34.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members their proper wages for all hours worked, including those in excess of forty (40) per workweek, due to Defendants' policy of time-shaving, in violation of the FLSA and NYLL.

35.     Defendants knowingly and willfully operated their business with a policy of not paying the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiffs, a tipped subclass of FLSA Collective Plaintiffs and Tipped Subclass members. Defendants were not entitled to claim any tip credits under the FLSA or NYLL.

36.     Defendants knowingly and willfully operated their business with a policy of illegally retaining gratuities earned by Plaintiff, a tipped subclass of FLSA Collective Plaintiffs and Tipped Subclass members in violation of the FLSA and the NYLL.

37.     Defendants knowingly and willfully operated their business with a policy of not paying spread-of-hours premium to Plaintiffs and Class members each workday exceeding ten (10) hours, in violation of the NYLL.

38.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

39.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

40.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

41.     Plaintiffs reallege and reaver Paragraphs 1 through 40 of this Class and Collective Action Complaint as if fully set forth herein.

42.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

44.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

45.     At all relevant times, Defendants had a policy and practice of time-shaving resulting in a failure to pay Plaintiffs and FLSA Collective Plaintiffs for all of their hours worked.

46.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time and one-half, including overtime wages owed due to Defendants' time-shaving policy.

47.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs and a tipped subclass of FLSA Collective Plaintiffs the proper minimum wage due to an invalid tip credit. Defendants were not entitled to take any tip credits under the FLSA.

48.     At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA by instituting an illegal tip-pooling scheme in which management retained a portion of the tips and included managers in the tip pool.

49.     At all relevant times, Defendants had a policy and practice of failing to reimburse Plaintiffs and a tipped subclass of FLSA Collective Plaintiffs for their tools of the trade maintenance costs.

50.     Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

51.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

52.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

53.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, unpaid overtime, tools of the trade reimbursement, plus an equal amount as liquidated damages.

54.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

55.     Plaintiffs reallege and reaver Paragraphs 1 through 54 of this Class and Collective Action Complaint as if fully set forth herein.

56.     At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

57.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them their proper wages, including overtime, for all hours worked due to Defendants' policy of time-shaving.

58.     Defendants willfully violated Plaintiffs' and Tipped Subclass members' rights by failing to pay them proper wages, including overtime, in the lawful amount for all hours worked due to Defendants' invalid tip credit deduction.

59.     Defendants willfully violated Plaintiffs' and the Tipped Subclass members' rights by instituting an illegal tip-pooling scheme in which Class members were required to share tips with management. In doing so, Defendants willfully deprived Plaintiffs and Class members of their lawfully earned wages.

60.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay spread-of-hours premium to Plaintiffs and Class members for each workday that exceeded ten (10) hours in length.

61.     Defendants willfully violated Plaintiffs' and the Tipped Subclass members' rights by failing to reimburse them for their tools of the trade maintenance costs.

62.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL. Defendants are required to provide

17

accurate and proper information on wage statements issued to employees in accordance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because Defendants failed to claim a tip credit for each payment period.

63.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and at the dates of all changes in wage rates thereafter, as required under the NYLL.

64.     Due to the Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid wages including overtime due to an invalid tip credit, unpaid wages, including overtime, due to time-shaving, unpaid spread-of-hours premium, reimbursement for tools of the trade maintenance costs, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid wages and unpaid overtime compensation, including those due to Defendants' invalid tip credit policy under the FLSA and the NYLL;

d.   An award of the improperly retained gratuities due under the FLSA and NYLL;

e.  An award of unpaid wages and unpaid overtime compensation, including those due to Defendants' improper time-shaving policy under the FLSA and the NYLL;

f.  An award of unpaid spread-of-hours premium due under the NYLL;

g.  An award of unpaid wages due to Defendants' failure to reimburse tools of the trade maintenance costs under the FLSA and the NYLL;

h.  An award of statutory penalties as a result of Defendants failure to comply with NYLL wage notice and wage statement requirements;

i.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages, overtime compensation, and tools of the trade maintenance costs, pursuant to 29 U.S.C. § 216;

j.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage, overtime compensation, tools of the trade maintenance costs, and spread-of-hours premium pursuant to the NYLL;

k.  An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.  Designation of Plaintiffs as a Representative of the FLSA Collective Plaintiffs;

m.  Designation of this action as a Class Action pursuant to FRCP 23;

n.  Designation of Plaintiffs as a Representatives of Class; and

o.  Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury on all issues so triable as of right by jury.

Dated:  October 22, 2021

By:    _____/s/ C.K. Lee_____
                   C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective*
*Plaintiffs and the Class*